NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIONEL MARTINEZ, | No. 09-70769 |
| Petitioner, | Agency No. A095-583-185 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010 [**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Lionel Martinez, a native and citizen of Mexico, petitions for review of the

decision of the Board of Immigration Appeals denying his motion to reopen the

underlying denial of his application for cancellation of removal which was based

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on his failure to establish the requisite hardship to his United States citizen children.

Martinez introduced new evidence of hardship consisting of an affidavit from the mother of his United States citizen children stating that the children would remain in the United States instead of moving to Mexico with petitioner, and this separation of the family would constitute hardship. We conclude that the BIA properly considered the new evidence offered by Martinez, and acted within its broad discretion in determining that the evidence did not establish extreme hardship, and was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2000) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Martinez also introduced evidence with his motion to reopen concerning the hardship caused by his daughter's eczema. This hardship evidence was previously raised and rejected before the agency, and we lack jurisdiction to review this discretionary determination. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (§ 1252(a)(2)(B)(i) bars jurisdiction when question presented in motion to reopen is essentially the same hardship evidence ground originally decided).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**